**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

WALLACE A. GARDNER,                                                                          PLAINTIFF
ADC #110784

v.                                          5:15CV00223-SWW-JTK

WENDY KELLEY, et al.                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.     Introduction**

Plaintiff Wallace Gardner is a state inmate confined at the Varner Super Max Unit of the Arkansas Department of Correction, who filed this pro se 42 U.S.C. § 1983 action, alleging criminal infringement of a copyright by Defendants, who are employees of the ADC and Access Corrections (Doc. No. 2). By Order dated July 27, 2015, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, and directed him to file an Amended Complaint clarifying his claim and alleging specific facts or actions by Defendants which would support a constitutional claim (Doc. No. 3). The Court also noted that the Amended Complaint would render the Original Complaint without legal effect. (Id.) Plaintiff has now filed an Amended Complaint against Defendants (Doc. No. 4). Having reviewed such, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

**II.    Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. §

1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.    Facts and Analysis**

Plaintiff alleges in his Amended Complaint that inmates are permitted to purchase, without his permission, music and songs which he recorded (Doc. No. 4, p. 4).  He claims this violates his constitutional rights and causes him mental distress and headaches.  (Id.)  He states Defendants enable these violations because they control a policy which permits inmates to purchase music.  (Id.) He also claims an Eighth Amendment violation because the content and language of his music has resulted in his harassment by other gangs.  (Id.) He asks for money damages from Defendants (Id., p. 5).

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  To the extent that Plaintiff's allegations assert the deprivation of a property or liberty interest in material protected by copyright, the Court finds they should be dismissed.  The Copyright Act, 17 U.S.C. § 301(b)(1), provides that all state and common law rights that are "equivalent to any of the exclusive rights within the general scope of copyright" be preempted. Dodd v. Fort Smith Special School District, 666 F.Supp. 1278, 1282 (W.D.Ark. 1987) (quoting 17 U.S.C. § 301(a)).  The Court in Dodd held that when "a state official is alleged to have violated a federal statute which provides its own comprehensive enforcement scheme, the requirements of that enforcement procedure may not be bypassed by bringing suit directly under section 1983."  666 F.Supp. At 1283 (quoting Middlesex County Sewerage Authority v. National Sea Clammers Association, 453 U.S. 1, 20 (1981) (other citations omitted)).  Therefore the Dodd Court concluded that Congress intended to bring all copyright actions within the provisions of the Copyright Act.

The Court also finds that any attempt by Plaintiff to assert a deprivation of property and/or liberty interest in his reputation is foreclosed by Paul v. Davis, where the United States Supreme Court held that there is not liberty or property interest in one's reputation. 424 U.S. 693, 701 (1976).

In this particular case, Plaintiff appears to try to recover for the infringement of a copyright, although he does not specifically allege that he holds a copyright to the songs and music at issue. A § 1983 action is not the appropriate theory in which to pursue his claim, however, as the Court finds that Plaintiff has not alleged the deprivation of a constitutional right.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 6th day of August, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.